# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERT V. ROBERTSON (#241116)**                    **CIVIL ACTION**

**VERSUS**                                                          **20-442-JWD-SDJ**

**JASON KENT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT V. ROBERTSON (#241116)  　　　　　CIVIL ACTION

VERSUS  　　　　　20-442-JWD-SDJ

JASON KENT, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Albert V. Robertson, who is representing himself and is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

### I.  Background

Plaintiff filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Jason Kent, Major Joseph Robertson, and co-inmate Ronald Coleman, complaining that his constitutional rights were violated due to failure to protect Plaintiff from harm and deliberate indifference to his serious medical needs.[1] He seeks monetary and injunctive relief.[2]

### II.  Law & Analysis

#### a.  Standard of Review

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.

permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A, this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[3] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] Plaintiff was granted permission to proceed *in forma pauperis* on August 7, 2020. (R. Doc. 3).
[4] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

### b. Plaintiff has Failed to State a Claim against Any of the Defendants

Plaintiff alleges that on April 30, 2019, he was sitting next to defendant Coleman, who is also an inmate at DCI.[13] Defendant Coleman was seated in a wheelchair, and Plaintiff commented, "all these wheelchairs," which comment Coleman interpreted as directed to him.[14] Plaintiff exited the room for count, and when he returned, Coleman splashed water, that had been mixed with sugar and microwaved, on the plaintiff's face, neck, shoulder, and left arm.[15] While attempting to defend himself, Plaintiff sustained an injury to his nose which caused bleeding.[16] Plaintiff walked to Major Robertson's office for help and was locked in a cell for 45 minutes. An ambulance was called, and Plaintiff was taken to Baton Rouge General where he was treated for 2nd degree burns.[17]

### i. Plaintiff Cannot State a Cognizable Constitutional Claim against a Co-Inmate

Plaintiff has named as a defendant his co-inmate Ronald Coleman.[18] Section 1983 prescribes redress for conduct by any person *who, under color of state law,* acts to deprive another

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] Id.
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] R. Doc. 1, p. 4.
[14] R. Doc. 1, p. 4.
[15] R. Doc. 1, p. 4.
[16] R. Doc. 1, p. 4.
[17] R. Doc. 1, p. 4.
[18] R. Doc. 1, p. 4.

3

person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person *acting under color of state law.*

The complaint is devoid of any allegations to indicate that Coleman was acting under the color of state law. Absent some allegation to establish this defendant was a "state actor," Plaintiff's complaint fails to state a claim against Coleman, and this claim must be dismissed as legally frivolous.

### ii. Plaintiff Fails to State a Claim against James LeBlanc and Jason Kent

As to Plaintiff's claims asserted against LeBlanc and Kent, in order for a person to be found liable under § 1983, that person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.[19] Plaintiff has made no allegations of personal involvement on the part of LeBlanc or Kent. Any implied allegation that this defendant is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983.[20] Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.[21]

---

[19] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[20] Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).
[21] *Lozano*, 718 F.2d 768.

4

To the extent Plaintiff's complaint implies that Coleman's attack was a result of prison understaffing,[22] he also fails to state a claim. Knowledge of prison under-staffing and a decision not to increase the number of guards on duty may amount to deliberate indifference to the safety and well-being of the inmates, in violation of the Eighth Amendment.[23] Under-staffing of correctional officers increases the risk of inmate on inmate violence. To prevail, Plaintiff must plead and prove there was a policy of deliberate indifference to the risk of under-staffing at DCI, or throughout the DOC, that was promulgated by LeBlanc or Kent, and that this policy caused his injury.[24] Evidence of understaffing, without more, is not proof of official policy.[25] "It would become so only if more complete funding and staffing were possible, and that it was the deliberate intent of the policy making official not to adequately fund and staff the jail, having in mind a gross indifference."[26] When understaffing appears to have contributed to a violation of an inmate's Eighth Amendment rights, a causal link exists between that violation and the policy if officials are aware of the staffing problem but fail to take corrective action.[27]

Here, Plaintiff does not plead any facts to even indicate that the prison was, in fact, understaffed, much less that a policy was in place that deliberately caused the understaffing.[28] Because Plaintiff failed to allege the personal involvement of LeBlanc or Kent and has failed to allege any facts regarding staffing, understaffing, or the existence of a policy regarding same, he has failed to state a claim against LeBlanc and Kent.

---

[22] In the plaintiff's claims for relief, he states "DCI at Fault no Security in TV Room." R. Doc. 1, p. 5.
[23] *See Edwards v. Gilbert,* 867 F.2d 1271 (11th Cir.1989); *Anderson v. City of Atlanta,* 778 F.2d 678, 685 (11th Cir.1985).
[24] *Greason v. Kemp,* 891 F.2d 829, 838 (11th Cir.1990); *Westmoreland v. Brown,* 883 F.Supp. 67, 76 (W.D.Va.1995).
[25] *Hood v. Itawamba,* 819 F.Supp. 556, 566 (N.D.Miss.1993); *Gagne v. City of Galveston,* 671 F.Supp. 1130, 1135 (S.D.Tex.1987), aff'd, 851 F.2d 359 (5th Cir.1988).
[26] *Gagne,* 671 F.Supp. at 1135.
[27] *Greason,* 891 F.2d at 838.
[28] R. Doc. 1, p. 4.

### iii.  The Plaintiff has Failed to State a Claim for Failure to Protect[29]

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[30] Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[31] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[32]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[33] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[34] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[35] In other words, for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[36] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[37] Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but

---

[29] Because it is not clear against whom Plaintiff may be alleging a failure to protect, the Court addresses the claim generally, since, based upon the facts, Plaintiff cannot state a claim for failure to protect against any of the state actor defendants.
[30] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[31] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[32] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[33] *Farmer*, 511 U.S. at 837.
[34] *Id.*
[35] *Id.* at 847.
[36] *Johnston*, 786 F.2d at 1259.
[37] *Farmer*, 511 U.S. at 837.

did not" are insufficient to establish a failure to protect claim.[38] Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[39]

Applying the foregoing standard, the Court concludes that the plaintiff has failed to allege facts sufficient to support a claim that any defendants were deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-inmate. Plaintiff, indeed, does not make any allegations regarding whether it was obvious that Coleman posed a risk to the plaintiff or that any defendant was aware of any risk Coleman might pose to the plaintiff. Because, based upon Plaintiff's allegations, no defendant had any specific knowledge of a specific risk posed by Coleman to the plaintiff, Plaintiff has failed to state a claim for failure to protect.[40]

### iv. The Plaintiff has Failed to State a Claim against Major Robertson for Deliberate Medical Indifference[41]

To establish a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial amounted to "subjective recklessness as used in the criminal law."[42] *Farmer* lays out an objective prong and a subjective prong.[43] The objective prong requires a plaintiff to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[44] Under the subjective prong, a plaintiff must

---

[38] *Id.* at 837.  *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), *citing Farmer*, 511 U.S. at 838.
[39] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019).  *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007)(citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[40] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019).  Officials must be subjectively aware of a specific risk posed by one inmate to another for deliberate indifference to be found.
[41] Based upon the facts, Major Robertson is the only defendant against whom the plaintiff may be attempting to assert a claim of deliberate medical indifference. R. Doc. 1, p. 4.
[42] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[43] *Id.* at 837.
[44] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

show that prison officials acted with a "sufficiently culpable state of mind."[45] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[46] Whether the plaintiff has received the treatment or accommodation that he believes he should have is not sufficient absent exceptional circumstances.[47] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[48] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[49]

Here, Plaintiff was allegedly placed in a holding "cage" by Major Robertson[50] for forty-five minutes before an ambulance arrived to take him to an outside hospital.[51] Plaintiff contends he should have been taken directly to "Medical Emergency."[52] As stated above, a mere delay in providing medical care alone is insufficient to demonstrate a constitutional violation. Further, the plaintiff has not provided any facts that indicate the short delay in obtaining treatment caused him any substantial harm, and the Fifth Circuit has found that much longer delays without resulting substantial harm fail to establish a constitutional violation. For example, in *O'Bryant v. Culpepper*,[53] the Fifth Circuit found no error in the dismissal of a complaint for failure to state a claim where the plaintiff had been injured on a Saturday and did not receive treatment until the following Thursday because the plaintiff could not show that the delay in treating his injury caused

---

[45] Id.
[46] Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001), quoting Estelle v. Gamble, supra.
[47] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[48] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[49] *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[50] Plaintiff states he "walk [sic] to Major office for emergency. Major Robertson place me in cage." R. Doc. 1, p. 4.
[51] R. Doc. 1, p. 4.
[52] R. Doc. 1, p. 4.
[53] 214 F.3d 1350 (5th Cir. 2000).

8

substantial harm. Here, the plaintiff was promptly transported to an outside facility for medical treatment.

Moreover, though the plaintiff likely experienced pain during the time he had to wait for the ambulance to arrive, such a short delay in calling for medical assistance does not clearly evidence a wanton disregard for the plaintiff's medical needs.[54] The facts, as alleged by Plaintiff, indicate he was treated within a short time-frame following the incident, and the short delay that did exist did not cause substantial harm. Accordingly, Plaintiff has not stated a claim for deliberate medical indifference.

### c. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[55] In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

[54] *See Westfall v. Luna*, 903 F.3d 534, 551 (5th Cir. 2018) ("Although Westfall may have been in pain during that time, the officers' half-hour delay in calling for medical assistance does not clearly evince a wanton disregard for Westfall's medical needs."). *See also Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009) ("Bisby contends that [a prison sergeant] was deliberately indifferent to his serious medical needs by ordering him back to his cell and denying him immediate medical treatment after his fall. The record, however, indicates that Bisby was seen within hours of his slip and fall, and it does not indicate that his pain was sufficiently severe during the period between his fall and his examination by medical personnel to give rise to an Eighth Amendment violation.").
[55] 28 U.S.C. § 1367.

9

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be **DISMISSED, WITH PREJUDICE,** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[56] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[56] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If adopted, this ruling would count as a strike under § 1915(g).