UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT V. ROBERTSON (#241116)          CIVIL ACTION NO.

VERSUS                                  20-442-JWD-SDJ

JASON KENT, ET AL.

RULING

This matter comes before the Court on an untitled Motion filed by Albert V. Robertson who is representing himself and is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana.[1]  The Court interprets the Motion to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Motion shall be denied.

Plaintiff filed this civil action on or about July 1, 2020.[2]  On September 8, 2020, after considering Plaintiff's complaint on the merits, this Court issued an Opinion and Judgment dismissing Plaintiff's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]  Plaintiff has now filed the instant Motion in an apparent attempt to re-open this case and have the Court reconsider his claims.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.  Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

---

[1] R. Doc. 9.
[2] R. Doc. 1.
[3] R. Docs. 6 & 7.

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[4] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[5] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Rather, he urges the Court to look at evidence that will "prove [his] case" and appears to think his case was dismissed because the Court did not believe his allegations.[6] Plaintiff fails to realize that this Court accepted his allegations as true and did not dismiss his case because it did not believe Plaintiff's allegations that an attack occurred; rather, as stated in the Report and Recommendation and Opinion issued in this matter, Plaintiff simply failed to state any cognizable federal claim based thereon.[7] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[8] is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on October 28, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[5] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[6] R. Doc. 9.
[7] R. Docs. 4 & 6.
[8] R. Doc. 9.